166 So.2d 760 (1964)
Harry J. COLLINS and Anna M. Collins, his wife, Hamilton Roebuck and Anice E. Roebuck, his wife, Joseph Lenoir and Katy Lenoir, his wife, and Frank V. Moore and Opal Moore, on behalf of themselves and all other similarly situated, Appellants,
v.
PIC-TOWN WATER WORKS, INC., and Morton W. Flannery, Appellees.
No. 4022.
District Court of Appeal of Florida. Second District.
July 22, 1964.
Rehearing Denied August 25, 1964.
*761 Charles J. Cheves, Jr., of Icard, Merrill, Cullis & Timm, Sarasota, for appellants.
Robert Knowles of Knowles, Knowles & Mann, Bradenton, for appellees.
SMITH, Chief Judge.
As plaintiffs in a class suit in the trial court the appellants sought an injunction and specific performance which were denied after a hearing on the merits.
The plaintiffs were purchasers of mobile home lots. They claimed they were in part induced to buy their lots by oral and written representations made by the subdividers to the effect that there would be a reduced maintenance charge for water when the *762 trailers were unoccupied. A brochure extolling the virtue of the subdivision contained, among other statements, the following: "There is a charge of $5 per month when trailer is occupied and $1.50 per month for each unoccupied trailer or vacant lot for the maintenance of shuffleboard courts, street lights and water and lights for the clubroom."
Except as to plaintiff Moore all contracts or deeds conveying the lots were silent as to the above representations.
For about four and one-half years the subdividers and their successor, the water company, performed according to the above terms, after which the water company gave notice that there would thereafter be a $3.50 monthly minimum water charge whether a trailer was occupied or not.
The plaintiffs reacted by filing a complaint seeking to enjoin the water company from turning off the water of any lot owners who had not paid the new charges and asking for specific performance of the representations made to them during the course of their purchase of the lots.
From an order denying all relief the plaintiffs appeal. We affirm.
The chancellor set forth many reasons for his denial of the relief sought. We will discuss only one of them.
Plaintiffs contend that the brochures and other representations led them reasonably to understand that the reduced maintenance charge when there was no trailer occupation was an agreement which was to last an unlimited amount of time. They allege their purchase of the lots in reliance on the representations was consideration for this independent contract not to charge when trailers were vacant.
Even if it could be said that there existed such a binding contract between the parties, the question remains whether the plaintiffs have on appeal demonstrated abuse of the chancellor's discretion in denying specific performance or an injunction. Bliss v. Hollock, Fla.App. 1959, 113 So.2d 889; Chabot v. Winter Park Co., 1894, 34 Fla. 258, 15 So. 756.
When a contract calls for the rendition of services and it is so incomplete that its intended duration cannot be determined by a fair inference from its terms, either party is ordinarily entitled to terminate it at will after reasonable notice of the intention to do so. Childs v. City of Columbia, 1911, 87 S.C. 566, 70 S.E. 296; Town of Vinton v. City of Roanoke, 1954, 195 Va. 881, 80 S.E.2d 608. If a contract is one that is perpetual, it is not one to be enforced in equity; for under a decree of specific performance the court would assume an endless duty, inappropriate to its functions. Texas & Pacific Railroad Co. v. City of Marshall, 1890, 136 U.S. 393, 10 S.Ct. 846, 34 L.Ed. 385.
In light of the foregoing principles of law an examination of the alleged independent contract and the evidence in this case discloses that no definite period of time was expressed, understood, agreed upon or implied between the parties. Therefore, the only reasonable intention imputable to the parties is that the contract could be terminated upon the giving of reasonable notice to the other. Such notice was given by the water company. Thus the contract was terminated and was no longer enforceable by injunction or specific performance.
We do not construe the facts of the case at bar as giving rise to a "continuing consideration-continuing advantage" contract as was the case in City of Gainesville v. Board of Control, Fla. 1955, 81 So.2d 514. There is no evidence of a continuing benefit flowing from each party to the other. Obviously, not to charge a maintenance cost when a trailer is unoccupied could not result in any continuing benefit to the water company. The plaintiffs' contentions to the contrary are wholly inconsistent with their basic theory that this is an independent contract fully performed *763 on their part by the purchasing of the lots.
The final decree denying the relief sought is affirmed.
SHANNON and KANNER (Ret.), JJ., concur.