MANN, Judge.
The final judgment appealed from held a covenant running with the land unenforceable because its duration was not ascertainable and hence was a perpetual *466 charge on the real property terminable at will under the doctrine of Collins v. Pic Town Water Works, Inc., Fla.App.1964, 166 So.2d 760. The owners of lots in Trailer Estates received deeds subject to restrictions of record pursuant to contracts for deeds subject to restrictions of record. Recorded by the developer, appellee’s predecessor in title, was a comprehensive set of restrictions, including the following:
“15. All land included and shown on TRAILER ESTATES SUB-DIVISION plat shall be subject to an annual charge in such an amount and shall be fixed by the company; not however, exceeding in any one year the sum of $120.00 per lot. This annual charge shall be payable in either one annual installment or the first day of each and every month and if not paid, shall become a lien on the land and shall continue to be such lien until fully paid. Such charge shall be paid to the company and shall be devoted to maintenance of the parks, beaches, boat docks, shuffleboard courts, auditorium, and to provide water, sewerage disposal facilities, garbage collection, central television antenna, planned recreation and such further public purposes as shall from time to time be determined by the grantor.
“ * * *
“These covenants are to run with the land and shall be binding on all parties and all persons claiming under them until January 1, 2000, at which time said covenants shall be automatically extended for successive periods of 10 years, unless, by vote of a majority of the then owners of the lots, it is agreed to change said covenants in whole or in part are for the best interests of the sub-division then they shall be evidenced by the recording in the proper office of record of an instrument in writing executed by the company what said charges are.”
Some of the deeds repeated the substance of paragraph 15 without the limitation on its duration. But it is clear that all of the deeds contained reference to the public record, and the restrictions were recorded March 21, 1955, prior to any of the agreements or deeds introduced into evidence. The question now arises whether the developer’s successor in interest can abandon its obligations under this covenant on the ground that it is a perpetual one. We think not. The specific limitation in the recorded restriction differentiates this case from Collins and is not superseded by the inclusion in the deeds of a similar but unlimited provision.
The duration of this agreement is until the first day of January in the year 2000. That is a long time, but by no means indefinite. Thereafter, there is a dependence upon the will of persons then owning the lots and the successor to the developer which is invalid for the same policy reasons which invalidate the remote vesting of property interests, although the interests are distinguishable. See Gray, The Rule Against Perpetuities §§ 329 et seq. (4th ed.).
Those who would not willingly perform obligations to provide services to the residents of subdivisions such as this one should not undertake them. The improvident execution of a contract is no ground for its invalidation.
Reversed and remanded.
LILES, C. J., and HOBSON, J., concur.