HOBSON, Chief Judge.
This is an appeal from a final judgment entered in the court below upon remand to that court after an appeal to this court. *430 This court’s opinion in the prior appeal is reported as Henthorn v. Tri Par Land Development Corporation, Fla.App.1969, 221 So.2d 465. The covenants involved in this cause are quoted in the prior opinion and therefore need not be repeated here. Suffice it to say that in the prior opinion we held that the covenants were not perpetual and therefore reversed the trial court which had held the covenants invalid as it had found them to be perpetual. The sole question before us previously was whether or not the covenants were perpetual.
In the trial court the plaintiff, Tri Par, in attempting- to invalidate wholly or partially the covenants, filed its complaint on two theories. The first was that the covenants were perpetual and therefore invalid. This theory was laid to rest by our prior opinion. The second theory was that there was a partial impossibility of performance and therefore the covenants were either wholly or partially invalid.
Upon remand of the prior appeal the trial court held that it was powerless to adjudicate the second theory urged by the plaintiff, Tri Par, because this court had ruled that Tri Par was required to carry out the terms of the covenants and the trial court was bound by that ruling. However, the trial court in its final judgment held further that if it were not true that it was powerless to rule on Tri Par’s second theory it would find that there was no legal impossibility of performance of the covenants. Such a finding is amply supported by the record on appeal.
We hold that our prior opinion did not prevent the trial court from ruling on the second theory advanced by Tri Par. It is clear from the trial court’s final judgment that there is no necessity to remand this cause for a determination of the remaining theory, as the trial court has already spoken to the effect that it has found no legal impossibility of performance.
In view of this we hold that the final judgment of the trial court ordering the plaintiff, Tri Par, to comply with the terms of the covenants is correct and, therefore,
Affirm.
LILES and MANN, JJ., concur.