275 So.2d 39 (1973)
FORTE TOWERS EAST, INC., Appellant,
v.
A.H. BLAKE, As Acting Tax Assessor of Metropolitan Dade County, Florida, et al., Appellees.
No. 72-661.
District Court of Appeal of Florida, Third District.
March 20, 1973.
Horton, Schwartz & Perse, Miami, Kline, Moore, Klein & Herron, Miami Beach, for appellant.
Stuart Simon, County Atty., and R.A. Cuevas, Jr., Asst. County Atty., for appellees.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
*40 CARROLL, Judge.
On November 8, 1971, the appellant Forte Towers East, Inc., filed a complaint in the circuit court of Dade County alleging it was the owner of certain described land and the improvements thereon; that the assessment of the property for ad valorem taxation for 1971 was based on valuation of the land at $83,710 and a valuation of the improvements thereon (a nine-story apartment building) at $1,127,685; that the assessment had been reduced by the county's Board of Tax Adjustment by valuing the land at $79,525, and the improvement at $1,043,975. The complaint did not challenge the amounts of those valuations, but claimed illegality of the assessment for including valuation of the improvement consisting of the apartment building, on the asserted ground that the building was not substantially completed on January 1, 1971, citing § 192.042(1) Fla. Stat., F.S.A. The plaintiff sought a judgment eliminating valuation of the improvement, and thereby to reduce the assessment to $79,525. By answer the defendants denied the allegation that the building was not substantially completed on January 1, 1971.
Applicable to assessment to the real property in question, for the year 1971, was § 192.042(1) Fla. Stat., F.S.A., viz:
"all property shall be assessed according to its just value as follows:
"(1) Real Property.  On January 1, of each year. Improvements or portions not substantially completed on January 1 shall have no value placed thereon. `Substantially completed' shall mean that the improvement or some self-sufficient unit within it can be used for the purpose for which it was constructed."
On trial of the cause the court entered a judgment sustaining the assessment, upon holding that the apartment building was substantially completed on January 1, 1971. In so ruling the trial court was in error.
The building was designed to have seventy-four apartment units. It was disclosed that by January 1, 1971, approximately forty-five units were completed to the extent which would permit their use for the purpose for which they were constructed. Also it was shown that the lobby was sufficiently complete for its use for the benefit of tenants of apartment units thus completed, and that the two elevators were in operation.
A partial certificate of occupancy, for the portion of the building as above referred to was applied for on December 30, 1970. Based thereon, a partial certificate of occupancy for the lobby and for floors two through six was issued, and was received by the owner on January 5, 1971. Certain of said apartments became occupied in January of 1971.
Where the apartment units on some floors of the building were completed and suitable for occupancy, with other floors and apartments in a material number not so completed, the building as a whole was not substantially completed. See Culbertson v. Seacoast Towers East, Inc., Fla. App. 1970, 232 So.2d 753. For the tax year involved in the Seacoast Towers case, the taxability or non-taxability of an improvement depended upon whether the entire improvement (apartment building) was substantially completed by January first. However, under the law as presently amended (§ 192.042(1) Fla. Stat., F.S.A.), portions of improvements, as therein defined, which are not substantially completed on January first are not to be assessed, although the completed portion, as there defined, may be assessed and taxed.
In this case it was shown that certain portions of the improvement (such as the lobby, elevator areas and some apartments), which could be regarded as self-sufficient units within the building usable for the purpose for which the building was constructed, were completed, or substantially completed on January 1, 1971, so as to render such portions subject to taxation under the statute. However, it was likewise shown that there were other and material *41 portions of the building which were not completed or substantially completed within the meaning of that statute, and therefore such uncompleted portions of the building were not subject to assessment and taxation for the year 1971.
Accordingly, the judgment is reversed, and the cause is remanded for further proceedings. Upon remand, a determination should be made by the court from the evidence, and additional evidence if the court finds it necessary or advisable to receive the same, as to the portions of the building which were substantially completed on January 1, 1971, as provided for in § 192.042(1) Fla. Stat., F.S.A., and the portion or portions of the building not so completed and therefore not subject to taxation for the year 1971, and to enter an order modifying the assessment accordingly.
Reversed and remanded with directions.