278 So.2d 309 (1973)
Henry A. SLOANE et al., Appellants,
v.
DIXIE GARDENS, INC., and Crestridge Utilities Corporation, Appellees.
No. 71-660.
District Court of Appeal of Florida, Second District.
June 1, 1973.
J.E. Satterfield, Clearwater, for appellants.
Dan C. Rasmussen, Delzer, Edwards & Martin, Port Richey, for appellees.
MANN, Chief Judge.
Sloane, a resident of Crestridge Gardens Subdivision, sought a declaratory judgment *310 invalidating a restriction recorded in reference to that subdivision and which the developer asserts is binding on all residents as a covenant running with the land. It reads:
"If the Developer ... or the CRESTRIDGE UTILITIES CORPORATION ... causes garbage collection service bi-weekly[1] to be made available, the owner of each lot shall pay the Developer or its assigns, the sum of one and 75/100th ($1.75) Dollars per month therefor."
Sloane says that there is no barrier to his right to employ another contractor for garbage collection.
The trial court found that the agreement was valid, that Crestridge Utilities Corporation had been making the service available, albeit at $2.25 per month, and that until recently the residents had been accepting the service and paying for it. He went on to find that it was unnecessary to determine whether the utilities corporation was under a duty to continue to provide the service, since it was then doing so. The opinion and final judgment is correct in all particulars except that the complaint was dismissed with prejudice. The developer appeals from this order.
We think that the judgment should have declared the rights of the parties to accord with the findings of fact. On remand, there are other questions unresolved. Sloane's basic complaint is against the price of $2.25 per month, when he alleges that another contractor will do the job for $1.75. It is not clear on what authority the corporation charges $2.25. It cannot claim the right to perform the service without acknowledging the obligation to perform it at the agreed upon price, absent compelling considerations not present on the record before us.[2]
The basic question is whether developers of property can provide for the furnishing of essential services and bind the owners of lots to pay for them. We think they can. We find no contravention of public policy in the agreement. Sloane's argument that it constitutes a monopoly void as against public policy is without merit. Garbage collection is essential to a well-run community, and may be treated as an exclusive franchise just as the furnishing of telephone service and electric power are.
We point out that the present litigation involves relationships between private persons and a local utility corporation associated with the developer of the land. We are not called upon to determine the right of public authority to regulate or supersede the service. Although the present litigation involved parties in privity, and the trial court found it unnecessary to declare whether the covenant runs with the land, we think it clear that it does and that the parties had standing to request an adjudication to that effect, since the marketability of title is in question.
The order dismissing the complaint is reversed and the cause is remanded for further proceedings consistent with this opinion.
LILES and HOBSON, JJ., concur.
NOTES
[1] Those with sensitive nostrils will be glad to learn that, in fact, the service is provided semi-weekly, and the parties seem to have interpreted the language this way.
[2] See Henthorn v. Tri-Par Land Development Corp., Fla.App.2d 1969, 221 So.2d 465; Tri-Par Land Development Corp. v. Henthorn, Fla.App.2d 1970, 241 So.2d 429.