287 So.2d 129 (1973)
MANUFACTURERS NATIONAL CORPORATION, etc., Appellant,
v.
A.H. BLAKE, etc., et al., Appellees.
No. 73-416.
District Court of Appeal of Florida, Third District.
December 11, 1973.
Williams, Salomon, Kanner & Damian, and Gary S. Brooks, Miami, for appellant.
Stuart Simon, County Atty., and Alan S. Gold, Asst. County Atty., for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of a final judgment following a trial without jury in which the court upheld the 1971 real property tax assessment for improvements on plaintiff's property.
This case requires careful consideration of Section 192.042(1), Fla. Stat., F.S.A.,[1] enacted by the Legislature in 1970, in light of the statute's intended purpose. The instant cause also requires this court to reconcile, if possible, Section 192.042(1) with the provisions of Section 711.19(1), Fla. *130 Stat., F.S.A.,[2] of the Florida Condominium Act.
The findings of facts in this cause, as made by the able trial judge, are as follows:
"* * *
"1. The Plaintiff is the owner of real property and improvements thereon, known as 5660 Collins Avenue, Miami Beach, Florida, save and excepting 17 condominium units therein which were sold and transferred prior to the taxing date.
"2. The Plaintiff's property is a highrise, luxury condominium development. It consists of twenty-one stories with 91 condominium units, all having the most complete facilities and conveniences. As part of the same property, there are elaborate common areas, including an underground parking facility, a boat dock and pier, a pool and pool area, and the like.
"3. On January 5, 1971, Mr. Fred Knowles, the Tax Assessor's representative, visited the subject property and inspected the buildings and improvements located thereon, taking many photographs of such improvements. Mr. Knowles' testimony as to the state of the completion of the condominium property, including portions thereof, and of each of the condominium units located therein, was essentially in accord with the testimony of Mr. Richard Basker [plaintiff's witness] who testified as to the state of construction as of January 1, 1971. The testimony was as follows:
"a. Condominium units. As of January 1, 1971, seventeen condominium units, located upon different floors, were completed and transferred to individual condominium parcel owners. Eleven of the seventeen condominium owners had in fact applied for homestead exemption in 1971 for their respective condominium parcels. Seventy-three condominium units were at various stages of construction and were found not assessable by Mr. Knowles. Two additional condominium units, located on the second floor, were used as model apartments. These units were completely furnished and otherwise functioned in all respects as model apartments.
"b. Parking areas and ramp. The parking area and ramps were substantially completed and used for purposes intended.
"c. Dock and pier area. The dock and pier area were completed or substantially completed and were capable of being used for purposes intended on the taxing date.
"d. Pool. Mr. Knowles testified that the pool appeared to be substantially completed as of the taxing date. Mr. Basker and Mr. [George] Winston [plaintiff's witness] testified that the pool was not operable on the taxing date since the filter was not attached, nor was there water in the pool. The Court is of the opinion that the pool was substantially completed and could have been used for the purpose intended on the taxing date if minor adjustments were made thereto.
"e. Elevators. The three elevator systems were installed and operable as of the taxing date. The passenger elevators were substantially completed but lacked certain trim.

*131 "f. Roof structure. The roof structure, located on the roof, which housed the elevator shafts, stairwell and the air-conditioning system, was completed or substantially completed on the taxing date.
"g. The plumbing system. The plumbing system was completed or substantially completed and operable throughout the entire improvement, except in incompleted condominium units.
"h. Air-conditioning system. The air-conditioning system was fully installed and operational as of the taxing date except in incompleted condominium units.
"i. Lobby. Mr. Knowles determined the lobby area was not assessable as of the taxing date."
"4. The Court hereby finds that the parking area and ramp; the dock and pier area; the pool; the elevators; the roof structure; the plumbing system and the air-conditioning system all constituted self-sufficient units within the condominium property which could be used for the purpose for which each was constructed as of the taxing date. The Court also finds that the two model condominium units, located on the second floor of the condominium, were also completed or substantially completed and could be used, as of the taxing date, for the purpose for which each was constructed.
"5. The Court finds that temporary certificates of occupancy were issued, as of January 1, 1971, for the following portions of the condominium improvement; the main lobby; the front entrance; the security control room; the mailroom; the second through twenty-first floors; the penthouse floor, and all parking areas and access routes to the service elevators. The purpose of the partial certificates of occupancy was to in fact allow persons to utilize and occupy the various units and floors in the indicated areas.
"6. There is no issue concerning valuation as to Plaintiff's share of the common elements assessed. The assessments as to the said common elements were as follows:

 "Plumbing $ 282,118
 "Elevators 134,342
 "Air-Conditioning 247,413
 "Pool 10,002
 "Dock and pier 10,785
 "Roof structure 18,185
 "Parking & ramp 424,417
 "Land Assessed: 500,540
 "Model Unit 2(a) 42,390
 "Model Unit 2(b) 42,390
 "Total Assessment: $1,712,582

"7. The parties have stipulated that Plaintiff had endeavored to complete the entire condominium property prior to the taxing date but were frustrated in accomplishing the same because of various construction delays.
"* * *"
Based upon these findings, the trial court concluded that the tax assessor was correct in assessing the common elements of the building which the court found to be substantially completed on January 1, 1971, the taxing date, and the judge upheld the tax assessment.
The appellant contends the trial judge erred in (1) applying Section 192.042(1) to the entire condominium building rather than to each individual parcel and (2) in upholding the assessment of "portions" of condominium buildings if they do not constitute "self-sufficient units."
We have meticulously considered the record, all of the points in the briefs, and arguments of counsel, and have concluded that the trial court's construction of Section 192.042(1) was correct.
As the trial judge noted in his final judgment, the obvious intent of the Legislature *132 in enacting Section 192.042(1) was to rectify inequities in former Section 193.11(4).[3] The former statute mandated an all-or-nothing consideration by the tax assessor as of the January 1st taxing date. Either an improvement in its entirety was substantially completed on January 1st and included on the tax roll, or it was considered unimproved land and thereby totally excluded from taxation for the year in question.
This situation resulted in some notable tax avoidance results. In Culbertson v. Seacoast Towers East, Inc., Fla.App. 1970, 232 So.2d 753, this court considered a situation wherein the apartments in a highrise complex were substantially completed, but certain common elements constituting part of the "way of life" of the luxury complex, such as the pool, pool deck and sun shades, a two-level parking garage, dining rooms, lobbies, etc., were not yet completed. This court affirmed a judgment finding the property was not subject to taxation as of the January 1st taxing date. Judge Pearson, speaking on behalf of the court, noted:
"The essential difficulty with this case lies in the statute which entirely removes from the tax rolls improvements to land when these improvements have tremendously enhanced the value of the land. Such a seeming inequitable result reinforces the conscientious tax assessor in his conclusion that the term "substantially completed" as used in the statute should be given a liberal construction. This portion is implied throughout appellants' argument, and while it has persuasive value it is of doubtful legal significance. Legislatures may do things the courts think odd, but if their acts are within constitutional limitations we may not change them . .."
Appellant concedes the new substantial completion law was intended to rectify inequities in the former statute. However, appellant argues that the new language of Section 192.042(1) now permits assessments of individual condominium parcels which are substantially completed as of the taxing date, even though the common elements may not be substantially completed as of the same date, thus alleviating the problem in Culbertson v. Seacoast Towers East, Inc., supra. But, appellant contends the new statute does not extend to the opposite situation as was present in the cause sub judice wherein certain of the common elements are deemed taxable, even though the individual condominium parcels are not substantially completed. We cannot agree.
Appellant stresses that to permit taxation of the substantially completed common elements of condominium property prior to the time the individual parcels are substantially completed does violence to the Florida Condominium Act, particularly Section 711.19(1). This subsection provides that each condominium parcel shall be separately assessed for ad valorem taxes. The trial court harmonized the condominium law with Section 192.042(1) by ordering the tax assessor to prorate the taxable portions of the common elements among the individual condominium parcel owners.
It should be recognized that when the Legislature enacted Section 192.042(1) in 1970, the condominium act was in effect. We cannot see that the Legislature intended for the assessment of improvements in accordance with the substantial completion law to apply any differently to condominium buildings than to apartment buildings or other highrises.
"Improvements" as the word is used in Section 192.042(1) acquires further meaning *133 by reference to Section 192.001(12) wherein real property is defined to include "land, buildings, fixtures and all other improvements to land." Section 192.042(1) permits the tax assessor to find that "portions" of improvements, which may include building fixtures and other common elements of the property, are substantially completed.
The statute defines "substantially completed" to mean "that the improvement or some self-sufficient unit within it can be used for the purpose for which it was constructed." In our view, if the assessor determines that certain common elements can be used for the purpose for which they were constructed, then these elements are taxable within the meaning of the statute.
This court recently has stated that it may be "shown that certain portions of the improvement (such as the lobby, elevator areas and some apartments), which could be regarded as self-sufficient units within the building useable for the purpose for which the building was constructed, were completed, or substantially completed on January 1, 1971, so as to render such portions subject to taxation under the statute." Forte Towers East, Inc. v. Blake, Fla. App. 1973, 275 So.2d 39.
The actions of tax assessors are clothed with a presumption of correctness, and their determinations in order to be overcome must be affirmatively met by appropriate and sufficient allegations and proofs excluding every reasonable hypothesis of a legal assessment. City National Bank of Miami v. Blake, Fla.App. 1972, 257 So.2d 264; District School Board of Lee County v. Askew, Fla. 1973, 278 So.2d 272; Markham v. Kauffman, Fla.App.4th, 284 So.2d 416, opinion filed October 19, 1973.
In this case, the tax assessor's office reached a determination that the common elements enumerated in the trial judge's findings of fact were portions of the improvement (i.e., the entire building) which could be regarded as self-sufficient units useable for the purpose for which the building was constructed. We do not think appellant affirmatively has presented sufficient proof to justify overturning the assessment.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] Section 192.042(1) provides:

"All property shall be assessed according to its just value as follows:
"(1) Real property.  On January 1, of each year. Improvements or portions not substantially completed on January 1 shall have no value placed thereon. `Substantially completed' shall mean that the improvement or some self-sufficient unit within it can be used for the purpose for which it was constructed."
[2] Section 711.19(1) provides:

"(1) Property taxes and special assessments assessed by municipalities, counties and other taxing authorities shall be assessed against and collected on the condominium parcels and not upon the condominium property as a whole. Each condominium parcel shall be separately assessed for ad valorem taxes and special assessments as a single parcel. The taxes and special assessments levied against each condominium parcel shall constitute a lien only upon such condominium parcel so assessed and upon no other portion of the condominium property."
[3] Section 193.11(4) was changed to Section 193.071(4), F.S.A., before the statute was superseded by the present Section 192.042(1). The former statute provided:

"All taxable lands upon which active construction of improvements is in progress and upon which such improvements are not substantially completed on January 1 of any year shall be assessed for such year, as unimproved lands. Provided, however, the provisions hereof shall not apply in cases of alteration or improvement of existing structures."