HOBSON, Acting Chief Judge.
We have this case before us for the second time. Pursuant to our mandate filed in Sauder v. Harbour Club Condomini *450 um No. Three, Inc., 346 So.2d 556 (Fla. 2d DCA 1977), the trial court set the cause for hearing. Appellant, Harbour Club Condominium No. Three, Inc. (Harbour Club), moved the court to “present additional evidence and oral argument and/or legal mem-oranda on the issue of unconscionability.” The trial court denied this motion. We reverse.
Harbour Club commenced this action by filing a complaint alleging that the condominium developers (K. D. and Anita Sau-der) breached a recreation facilities lease, 1) by failing to deliver quiet enjoyment to part of the demised premises, a recreation room, or 2) that the lease was unconscionable. At the conclusion of the nonjury trial, the court rendered a final judgment in favor of Harbour Club, cancelling the lease on the ground that the developers had substantially breached the lease by failing to deliver quiet enjoyment of the recreation room to Harbour Club. It was unnecessary for the court to rule on the allegation that the lease was unconscionable. Indeed the main thrust of the case dealt with breach of contract and little mention of unconsciona-bility appears in the record.
The developers appealed the final judgment and on May 20, 1977, this court ruled that the recreation facilities lease should not have been cancelled. The cause was remanded for additional proceedings.[1]
Subsequent to our mandate, Harbour Club moved for permission to amend its original complaint by adding a count based on the theory of unjust enrichment. That theory was predicated on a Florida Supreme Court decision rendered during the pendency of the appeal in the original casé.[2] The trial court, exercising its broad discretion in this matter, refused to permit the amendment, and Harbour Club then moved to present additional evidence and argument and/or legal memoranda on the issue of unconscionability. The developers countered this motion with the argument that the trial court did not have jurisdiction to consider the issue of unconscionability after remand from the appellate court.
The trial court ruled that this court’s mandate did not authorize it to consider or conduct a hearing on the issue of uncon-scionability. Harbour Club moved for a rehearing on the order, which motion was denied.
The prior appeal was taken from a judgment cancelling a common and recreation areas use agreement because of developer’s breach, and that issue was the sole question before this court at that time. Sander v. Harbour Club Condominium No. Three, Inc., at 557. We were not asked to nor did we consider the question of uncon-scionability. Our directions to the trial court on remand included the specific direction to consider the effect of a settlement agreement made between Harbour Club Condominium No. Two and Harbor Club Condominium No. Three. Our directions further included the general statement that the trial court could consider “such other ancillary matters as may be necessary to terminate this litigation.”
Appellant has directed us to our decision in Tri Par Land Development Corporation v. Henthorn, 241 So.2d 429 (Fla. 2d DCA 1970). In that case Tri Par sought cancellation of restrictive covenants on the ground that 1) they were perpetual or 2) that there was partial impossibility of performance. *451 The trial court cancelled the covenants on the ground that they were perpetual and did not decide the impossibility of performance issue. This court reversed, finding that the covenants were not perpetual, and remanded the case to the lower court without directions. After remand, Tri Par asked the lower court to consider the issue of impossibility of performance as an alternate theory for relief; however, the trial court held that it was powerless to adjudicate the second theory. Tri Par appealed from that second judgment and this court ruled that the trial court did have authority to consider the second theory even though it had not been expressly granted in the mandate. In the instant case, the trial court distinguished Tri Par on the ground that it had been remanded without instruction, while the Harbour Club case was remanded with instructions. The instruction by this court was for a further hearing in which the trial court “may” consider the settlement agreement and “other ancillary matters.” When a case is reversed and remanded with a general instruction for further proceedings, a trial judge is vested with a broad discretion in handling or directing the course of the cause thereafter. Lucom v. Potter, 131 So.2d 724 (Fla.1961). This is true even though the general directions are in addition to certain specific instructions.
Therefore, we reverse the final judgment entered by the trial court denying Harbour Club’s motion to present additional evidence on the issue of unconscionability and remand this case for a further hearing which will include that issue.
REVERSED and REMANDED.
OTT and RYDER, JJ., concur.

. Our mandate stated:
We, therefore, remand this case for a further hearing in which the court may consider the effect of this settlement agreement and make such reductions in the rentals due under the common and recreation areas use agreement of Harbour Club Condominium No. Three as may be necessary to offset any expenses which the unit owners in Harb-our Club Condominium No. Three may incur to Harbour Club Condominium No. Two, Inc. by virtue of their use of the recreation room under the settlement agreement and for such other ancillary matters as may be necessary to terminate this litigation. Sauder v. Harbour Club Condominium No. Three, Inc., 346 So.2d 556, 561 (Fla. 2d DCA 1977).0

. Avila South Condominium Association, Inc. v. Kappa Corp., 347 So.2d 599 (Fla.1977), in which the court held that a condominium .association, under certain circumstances, may have a good cause of action against a developer for unjust enrichment.