HALL, Judge.
John W. Mikos, the property appraiser of Sarasota County, challenges the final judgment finding his assessment of twenty-four units of Lakeshore Village Plaza Condominium, a condominium project owned and constructed by Two M. Development Corporation, to be unreasonable, arbitrary, and improper. We reverse.
Lakeshore Village Plaza Condominium is a fifty-five unit, commercial condominium project consisting of several shell buildings containing two to five units each. The shell buildings are comprised of roofs, finished exteriors, load-bearing bare block walls, exposed roof trusses, bare concrete floors, doors and windows. The shell buildings do not have finished interiors or interi- or partitions, plumbing or electricity.
John Meshad, a director and vice president of Two M., testified to the course of *1111 performance followed in the construction of the condominium project. Two M. would first obtain building permits to construct the shell buildings. When they were completed, a certificate of completion would be issued. Then, upon procuring lessors or purchasers of individual units, Two M. would obtain building permits for construction of the interiors and would construct the interiors according to the specifications of the new occupants.[1] When the interiors were completed, certificates of occupancy would be issued.
As of January 1, 1986, thirty-one units had been sold or leased. The remaining twenty-four units were assessed by Mikos as substantially completed shell units. Two M. filed suit challenging this assessment on the ground that the units were not substantially completed for their intended purpose, which was to be completely finished units ready for occupation. The trial court found in favor of Two M., and it is from that finding that Mikos has filed this appeal.
Mikos contends that his assessment of the subject twenty-four units as substantially completed shell units is in accord with section 192.042(1), Florida Statutes (1987), which provides in pertinent part:
All property shall be assessed according to its just value as follows:
(1) Real property, on January 1 of each year. Improvements or portions not substantially completed on January 1 shall have no value placed thereon. “Substantially completed” shall mean that the improvements or some self-sufficient unit within it can be used for the purpose for which it was constructed.
As in our case of Colding v. Klausmeyer, 387 So.2d 430 (Fla. 2d DCA 1980), and the case of Hausman v. Bayrock Inv. Co., 530 So.2d 938 (Fla. 5th DCA 1988), the troublesome issue of what constitutes a substantially completed improvement subject to assessment under section 192.042(1), Florida Statutes (1987), is again presented.
We note that the burden on a taxpayer challenging an assessment is heavy because a tax assessment carries a presumption of correctness. In order for a taxpayer to overcome this presumption, he must present evidence which excludes every reasonable hypothesis of a legal assessment, i.e., the taxpayer must present evidence that shows the assessment to be so unreasonable as to be arbitrary and capricious. Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla.1969); District School Board of Lee County v. Askew, 278 So.2d 272 (Fla.1973).
Actual occupancy is not the appropriate test for substantial completion in every case. Colding; Hausman. In the present day business world, there may be several stages between the beginning of construction and the time of occupancy during which the improvement is substantially complete for the purpose for which the taxpayer constructed it. The question is whether on January 1 construction has progressed to that point. It had in the instant case, i.e., the improvements in question were substantially completed shell units. On January 1, 1986, Two M. had completed construction of the subject units to the point at which it could market them for a present or future financial gain. As the evidence reflects, Two M. did not intend to make any further improvements to the units until they had been sold or leased. Thus, on January 1, Two M. had substantially completed the subject units for the purpose for which it had constructed them.
Accordingly, we find that Two M. failed to present sufficient evidence to overcome the presumption that Mikos correctly assessed its twenty-four shell units as substantially completed shell units. We reverse the trial court’s order setting aside Mikos’ assessment of the subject units and remand with instructions to reinstate the assessment.
SCHOONOVER, A.C.J., and FRANK, J., concur.

. If the new occupant was a purchaser, the building permit would be in the purchaser’s name; if the new occupant was a lessee, the permit would be in Two M.’s name.