578 So.2d 829 (1991)
TWO M DEVELOPMENT CORPORATION, Appellant,
v.
John W. MIKOS, Property Appraiser of Sarasota County, Appellee.
Nos. 90-00747, 90-01469.
District Court of Appeal of Florida, Second District.
April 26, 1991.
*830 Jim D. Syprett of Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, for appellant.
John C. Dent, Jr., and Beth E. Antrim-Berger of Dent, Antrim-Berger, Cook & Weber, P.A., Sarasota, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Two M Development Corporation, challenges the trial court's judgment determining that the court did not have jurisdiction to consider its claim that the appellee, John W. Mikos, Property Appraiser of Sarasota County, had improperly assessed its property. We reverse.
In December 1986, the appellant filed an action challenging the appellee's tax assessment of its property consisting of twenty-four shell units. The appellant challenged the tax assessment on two grounds. Count I of the complaint alleged that the property was not substantially complete at the time of the assessment, and therefore, the assessment was improper and excessive. As to count II of the complaint, the appellant argued that if it were judicially determined that the property should be valued as substantially completed units, the assessment was still excessive and arbitrary because it failed to properly consider the statutory factors required by section 193.011, Florida Statutes (1985). At the conclusion of a nonjury trial, the trial court entered a final judgment holding that the units were not substantially completed and ordered the appellee to reassess the property and treat it as unimproved property.
The appellee appealed the final judgment, and on June 30, 1989, in Mikos v. Two M Dev. Corp., 546 So.2d 1110 (Fla.2d DCA 1989), this court held that the appellee, appellant in that case, correctly assessed the property as substantially complete. The final judgment was reversed and the cause remanded with instructions to reinstate the tax assessment. The appellant's motion for a rehearing was denied.
Subsequent to the issuance of our mandate in Mikos, the trial court entered two judgments in this matter. First, the court entered a judgment which vacated the original judgment in favor of the appellant and entered judgment in favor of the appellee. This judgment reinstated the original tax assessment. The court then entered an amended final judgment finding that it was without jurisdiction to consider the merits of count II of the appellant's original complaint. The appellant filed timely notices of appeal from both judgments, and this court subsequently consolidated the appeals.
The doctrine of the law of the case applies to issues that were actually considered and decided on a former appeal involving the same action. Barry Hinnant, Inc. v. Spottswood, 481 So.2d 80 (Fla. 1st DCA 1986). In this case, however, we were not asked to nor did we consider *831 the question of the appellee's compliance with the statutory criteria for assessment of property. Furthermore, because we did not consider the question during the main appeal, we did not consider it on rehearing. The trial court also did not consider this issue in the original proceeding. The issue became moot when the court determined that the units were incorrectly valued as substantially complete. Our prior opinion, therefore, did not prevent the trial court from considering the merits of count II of the appellant's complaint. See Tri Par Land Dev. Corp. v. Henthorn, 241 So.2d 429 (Fla. 2d DCA 1970); Harbour Club Condo No. Three, Inc. v. Sauder, 380 So.2d 449 (Fla.2d DCA 1980). The trial court, therefore, erred by holding it lacked jurisdiction.
We, accordingly, reverse and remand with instructions to allow the appellant to proceed on count II of its complaint.
FRANK and PATTERSON, JJ., concur.