Mr. Steven A. Schultz Attorney for Dade County Value Adjustment Board Suite 3400, One Biscayne Tower 2 South Biscayne Boulevard Miami, Florida 33131-1897
Dear Mr. Schultz:
You ask on behalf of the Dade County Value Adjustment Board substantially the following question:
Where previously completed improved property has been damaged to such a degree that it is no longer fit for occupancy or for its intended use and has not been repaired as of January 1st, do the provisions of s. 192.042, F.S., apply?
In sum, I am of the opinion that:
Where property has been damaged to such an extent that it brings into question the suitability of that property for occupancy or its intended use, then the provisions of s. 192.042(1), F.S., are applicable, and a factual determination must be made as to whether that property is "substantially complete".
In your letter, you state that many physical improvements damaged by Hurricane Andrew were not repaired by January 1, 1993, "to a degree which would have permitted the same to be occupied and used for its intended purpose." You then ask whether the provisions of s. 192.042(1), F.S., apply. Section 192.042(1), F.S., states:
All property shall be assessed according to its just value as follows:
(1) Real property, on January 1 of each year.
Improvements or portions not substantially completed on January 1 shall have no value placed thereon. "Substantially completed" shall mean that the improvement or some self-sufficient unit within it can be used for the purpose for which it was constructed. (emphasis supplied)
Although the property appraisers generally use this section to determine when to place new improvements to property on the tax roll, a close review of the section shows that it is not specifically limited to new property.
Where an improvement has been determined to be substantially completed as of January 1st and is then completely destroyed later in that same year, this office has determined that the taxpayer is not entitled to any relief for taxes assessed as of January 1st of that year.[1] However, on the following January 1st, if the property had not been replaced, there would be no improvement to tax.
Your question, however, appears to be a factual question concerning damaged property, and would seem to turn on the definition of "substantially completed". If a house was completed on June 30, 1992, subsequently heavily damaged by Hurricane Andrew the following August, and only partially rebuilt by January 1, 1993, then your office would probably not be concerned with whether it had ever been completed previously. Whether the property has ever been on the tax roll in previous years should also have no bearing on a subsequent year.[2]
In making a factual determination, the property appraiser will need to consider the extent of damage to the property in question in order to determine whether such property was incapable of its intended use as a result of the hurricane. Not every structure damaged by the hurricane will necessarily be damaged to a degree which renders the structure incapable of use. Upon a determination that the structure has sustained such damage that renders it incapable of the use for which it was intended, the taxing authority must then consider whether the property was substantially complete as of January 1st.
Although fitness for occupancy is an important indication of substantial completion of a building for purposes of assessing and placing it on the tax roll,[3] it is not necessarily the only factor which must be considered. Other factors include:
1. Whether the impediment to the use for which it is intended is within the taxpayer's control;[4]
2. Whether the building is fit for occupancy, or capable of being used for the purpose for which it was constructed, except for finishing touches necessary for final completion;[5]
3. Whether the individual apartments, self-sufficient units, or portions are substantially complete, even though the whole complex is not;[6]
4. Although the improvement is not occupied, whether it is still substantially complete for the purpose of which it was constructed;[7] and
5. Whether the improvements or units are presently marketable for present or future financial gain.[8]
The decision on whether the improvements or portions thereof are "substantially complete" is a factual determination which must be made by the property appraiser and not by this office. If the property appraiser determines that, as of January 1st of the assessment year in question, the improvements or portions are not "substantially complete", then s. 192.042(1), F.S., would appear to mandate that such improvements shall have no value placed thereon.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, AGO 72-252.
[2] See, Keith Investments, Inc. v. James, 220 So.2d 695 (4 D.C.A.Fla., 1969).
[3] See, Culbertson v. Seacoast Towers East, Inc., 232 So.2d 753
(3 D.C.A. Fla., 1970) and Markham v. Kaufman, 284 So.2d 416 (4 D.C.A. Fla., 1973).
[4] See, AGO 72-36.
[5] See, AGO 61-177.
[6] See, Culbertson, supra; City National Bank of Miami v. Blake,257 So.2d 264 (3 D.C.A. Fla., 1972); and Forte Towers East, Inc. v. Blake, 275 So.2d 39 (3 D.C.A. Fla., 1973).
[7] See, Mikos v. Two M. Development Corporation, 546 So.2d 1110
(2 D.C.A. Fla., 1989).
[8] See, Mikos, supra.