719 So.2d 1210 (1998)
ST. PETERSBURG KENNEL CLUB, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF PARI-MUTUEL WAGERING, Appellee.
Nos. 97-03877, 97-04139.
District Court of Appeal of Florida, Second District.
September 2, 1998.
Rehearing Denied October 8, 1998.
*1211 Harold F.X. Purnell of Rutledge, Ecenia, Underwood, Purnell & Hoffman, P.A., Tallahassee, for Appellant.
Stacey M. Rose, Staff Attorney, and Lisa S. Nelson, Deputy General Counsel, Tallahassee, for Appellee.
PER CURIAM.
In this consolidated appeal, the appellant, St. Petersburg Kennel Club, (the Kennel Club), challenges two final orders. In appeal number 97-03877, the Kennel Club challenges the final order of the Division of Administrative Hearings, which denied the Kennel Club's petition for a determination that the definition of the game "poker," in Florida Administrative Code Rule 61D-11.026, is an invalid exercise of delegated legislature authority. In appeal number 97-04139, the Kennel Club challenges the final order of the Division of Pari-mutuel Wagering which denied its application for approval of three particular card games. We reverse both final orders.
The legislature in section 849.086, Florida Statutes (Supp.1996), authorized pari-mutuel facilities to operate cardrooms. This statute is known as the Cardroom Act. The definition portion of this statute states: "`Authorized games' means only those games authorized by s. 849.085(2)(a) and which are played in a nonbanking manner." § 849.086(2)(a), Fla. Stat. (Supp.1996). Thus, the Cardroom Act does not set forth a definition for "authorized games" but merely refers one to another statute, namely section 849.085(2)(a). Section 849.085(2)(a) reads: "`Penny-ante game' means a game or series of games of poker, pinochle, bridge, rummy, canasta, hearts, dominoes, or mah-jongg in which the winnings of any player in a single round, hand, or game do not exceed $10 in value." § 849.085(2)(a), Fla. Stat. (1995). Neither the Cardroom Act nor the statute to which it refers defines the game of poker. The Division of Pari-mutuel Wagering created a definition of poker and set it forth in the challenged rule, rule 61D-11.026. We agree with the Kennel Club's contention that the promulgation of this rule was an invalid exercise of delegated legislative authority.
In section 120.536, Florida Statutes (Supp. 1996), the legislature amended the Administrative Procedures Act (APA) so that when adopting a rule an agency must now point to a specific law to be implemented. That is, an agency may not make a rule based solely on its general rulemaking authority, but must point to a specific law that is to be implemented. In this case the administrative law judge cited section 849.086(4)(a), Florida Statutes (Supp.1996), and section 550.0251(12), Florida Statutes (Supp.1996), as the specific laws to be implemented by the proposed rule. Section 849.086(4)(a) states that the Division of Pari-mutuel Wagering shall regulate the operations of cardrooms and is authorized to adopt rules, including, but not limited to: the issuance of cardroom and employee licenses for cardroom operations; operation of a cardroom; recordkeeping and reporting requirements; and the collection of all fees and taxes imposed by this section. § 849.086(4)(a), Fla. Stat. (Supp. 1996). Section 550.0251(12) states that the Division shall have the authority to make rules relating to cardroom operations, to enforce and carry out the provisions of section 849.086, and to regulate the authorized cardroom activities in this state. § 550.0251(12), Fla. Stat. (Supp.1996). Neither of these laws provide the specific rule-making authority for rule 61D-11.026. See Department of Bus. & Prof'l Regulation v. Calder Race Course, Inc., 23 Fla. L. Weekly D1795 (Fla. 1st DCA July 29, 1988). Neither of these laws state, for example, that the Division shall have the authority to make rules which set forth the definition of poker.
The appellee cites PPI, Inc. v. Department of Business & Professional Regulation, Division of Pari-Mutuel Wagering, 698 So.2d 306 (Fla. 3d DCA 1997), as authority for upholding the rule in the instant appeal. PPI, Inc. held that the grants of authority in the statutes in that case supported the rule requiring surveillance devices in cardrooms. The specific *1212 law implemented in that instance was the provision in section 849.086(4)(b), which gives the Division of Pari-mutuel Wagering the authority to conduct investigations and monitor the operation of cardrooms and the playing of authorized games therein. This specific law supports the rule requiring electronic surveillance equipment because the law refers to "monitoring" cardroom activities and surveillance equipment such as a video camera are used to "monitor" people or events. There is a clear logical connection between the law giving authority to the Division to conduct investigations and monitor the operation of cardrooms and the rule requiring surveillance equipment. Therefore, the court in PPI, Inc. upheld the rule adopted by the Division.
In the instant appeal, however, there is no specific law to support the Division's rule as in PPI, Inc. Therefore, PPI, Inc. is distinguishable and does not provide authority for an affirmance.
We hold that rule 61D-11.026 is invalid as an improper exercise of delegated legislative authority and reverse the order of the Division of Administrative Hearings. We also reverse the order of the Division of Pari-mutuel Wagering denying approval of the games cited therein because the denial was based upon application of an invalid rule.
Reversed and remanded.
PATTERSON, A.C.J., and QUINCE and GREEN, JJ., concur.