Mr. Edgar E. Stephens, III Attorney for the Palm Beach County Property Appraiser Post Office Box 3346 West Palm Beach, Florida 33402
Dear Mr. Stephens:
On behalf of the Property Appraiser of Palm Beach County, Mr. Gary R. Nikolits, you have asked for my opinion on substantially the following questions:
1. Does property owned by a condominium association and used for commercial purposes fall within the definition of a common element in section 718.108(1), Florida Statutes?
2. May the property appraiser include the proportionate value of such property in the assessment for each condominium parcel?
In sum:
1. Real property used for commercial purposes that meets the definition in section 718.108(1), Florida Statutes, may be a common element for purposes of the Condominium Act.
2. The property appraiser is statutorily authorized to include the proportionate value of common elements in the assessment for each condominium parcel, and this would include property used for commercial purposes if determined to be a common element.
You ask these questions on behalf of your client, Mr. Gary R. Nikolits, Property Appraiser of Palm Beach County, who has advised us that certain condominiums use common elements for commercial purposes, such as dry cleaning services or gift shops.
Since Florida law does not allow for the separate assessment of condominium common elements, your client is concerned that income-producing parcels could, in effect, escape ad valorem taxation. These questions are forwarded in an attempt to have this concern addressed.
Initially, I must note that any determination of the legal status of real property held by a condominium association must be made by referring to the declaration of condominium and other documents creating the condominium and delineating the rights of the parties involved.[1] The following consideration of your questions should be used as a general guide and should not be seen as a determination that all commercial property located on condominium premises qualifies as a "common element" within the scope of section 718.108(1), Florida Statutes.
Question One
Chapter 718, Florida Statutes, is the "Condominium Act."[2] The purpose of the act is to give statutory recognition to this particular form of real property ownership and to set forth uniform procedures for the creation, sale, and operation of condominiums.[3]
The statutes define a "[c]ondominium" as
"that form of ownership of real property which is created pursuant to the provisions of this chapter, which is comprised of units that may be owned by one or more persons, and in which there is, appurtenant to each unit, an undivided share in common elements."[4]
The term "condominium property" specifically incorporates:
"the lands, leaseholds, and personal property that are subjected to condominium ownership, whether or not contiguous, and all improvements thereon and all easements and rights appurtenant thereto intended for use in connection with the condominium."[5]
"Common elements" are "the portions of the condominium property which are not included in the units."[6] Pursuant to section718.108(1), Florida Statutes, the phrase "[c]ommon elements" includes within its meaning:
"(a) The condominium property which is not included within the units.
(b) Easements through units for conduits, ducts, plumbing, wiring, and other facilities for the furnishing of utility services to units and the common elements.
(c) An easement of support in every portion of a unit which contributes to the support of a building.
(d) The property and installations required for the furnishing of utilities and other services to more than one unit or to the common elements."
In addition, the statutes recognize that "[t]he declaration may designate other parts of the condominium property as common elements."[7] Thus, a "common element" may be: any property of a condominium not included within an owner's unit; the necessary utility and structural easements of a condominium; or any property specifically reserved as a common element in the declaration of condominium.[8]
In short, a review of the declaration of condominium, site plan, and other attachments is necessary to determine the existence and status of common elements. Property in a common area is not necessarily a common element.
Pursuant to section 718.111(4), Florida Statutes (1998 Supplement), a condominium association has "the power to make and collect assessments and to lease, maintain, repair, and replace the common elements[.]"[9] When a condominium unit is transferred, the statutes require that an undivided share in the common elements and common surplus pass with the unit as appurtenances.[10]
These statutes do not exclude property that otherwise falls within the definition of a common element from that designation because of its commercial use. In fact, Florida case law recognizes the commercial use of common elements.[11]
Therefore, it is my opinion that condominium real property used for commercial purposes that meets the definition in section718.108(1), Florida Statutes, may be a common element for purposes of the Condominium Act.
Question Two
Your second question relates to the assessment of common elements on condominium property.
The statutes require that property interests in common elements be divided among all owners and assessed proportionately, and Florida case law reflects this concept.[12] The Condominium Act requires that the declaration of condominium contain:
"(f) The undivided share in the common elements appurtenant to each unit stated as percentages or fractions, which, in the aggregate, must equal the whole. . . .
(g) The proportions or percentages of and manner of sharing common expenses and owning common surplus, which, for a residential condominium, must be the same as the undivided shares in the common elements."[13]
"Common expenses" are "expenses and assessments which are properly incurred by the association for the condominium" and "[c]ommon surplus" is "the excess of all receipts of the association collected on behalf of a condominium [including, but not limited to, assessments, rents, profits, and revenues on account of the common elements] over the common expenses."[14] Thus, a condominium association may receive rents and profits as well as incur expenses as a result of its undivided ownership and disposition of common elements.[15]
Section 718.120(1), Florida Statutes, provides:
"Ad valorem taxes, benefit taxes, and special assessments by taxing authorities shall be assessed against the condominium parcels and not upon the condominium property as a whole. No ad valorem tax, benefit tax, or special assessment, including those made by special districts, drainage districts, or water management districts, may be separately assessed against recreational facilities or other common elements if such facilities or common elements are owned by the condominium association or are owned jointly by the owners of the condominium parcels. Each condominium parcel shall be separately assessed for ad valorem taxes and special assessments as a single parcel. The taxes and special assessments levied against each condominium parcel shall constitute a lien only upon the condominium parcel assessed and upon no other portion of the condominium property."
Thus, by the assessment of the prorated value to the unit owners, ad valorem taxes determined to be due for common elements are divided and levied proportionally among individual condominium parcel owners.[16]
The statutes make no distinction between common elements that are used for such things as hallways or utility corridors and commercial use of common elements. As the Florida Supreme Court stated in Department of Revenue v. Morganwoods Greentree, Inc., a case involving tax liability for "common areas" of a housing project:
"In valuing the subject residential improvements and the common areas for ad valorem tax purposes, the total assessed value of the entire property should equal its just full value taken as a whole. . . . Regardless of the method, the construction and implementing statutes must be interpreted so as to achieve an assessment at just full value; no construction or tax assessment may be allowed that would allow either the property owner an unjustified tax break or the government to collect more taxes that it is entitled."[17]
Therefore, it is my opinion that, in the absence of any statutory direction to the property appraiser that condominium common elements used for commercial purposes are entitled to unique treatment, the proportionate value of this property should be assessed to each condominium parcel sharing in that common element as directed by section 718.120, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Aquarius Condominium Association, Inc., v. Markham,442 So.2d 423 (Fla. 4th DCA 1983) (failure of the declaration of condominium to reflect two lots as being part of the condominium property would establish that they were not common elements and could not be assessed against the unit owners) and s. 718.104(2), Fla. Stat. (1998 Supp.), providing that the declaration of condominium must be filed in the public records. And, with regard to the Property Appraisers entitlement to demand records from taxpayers sufficient to properly classify common element property for ad valorem taxation purposes, see, Advisory Letter to Ms. Teresa K. Watts, Assessment Administrator, Lee County Property Appraiser's Office, from Mr. Stephen J. Keller, Deputy General Counsel, Department of Revenue, dated April 12, 1993, citing s.195.027(3), Fla. Stat., Rule 12D-1.005(1), F.A.C., and Op. Att'y Gen. Fla. 74-268 (1974).
[2] Section 718.101, Fla. Stat.
[3] Section 718.102, Fla. Stat.
[4] Section 718.103(11), Fla. Stat. (1998 Supp.).
[5] Section 718.103(13), Fla. Stat. (1998 Supp.).
[6] Section 718.103(8), Fla. Stat. (1998 Supp.).
[7] Section 718.108(2), Fla. Stat.
[8] And see, s. 718.113(1), Fla. Stat., which provides that certain limited common elements shall be maintained by those who are entitled to use them.
[9] See, letter from Department of Revenue, supra n. 1.
[10] Section 718.106(2)(a), Fla. Stat.
[11] Cf., Tower Forty-One Association v. Levitt, 426 So.2d 1290
(Fla. 3d DCA 1983) (real estate brokerage office in common element).
[12] See, s. 718.104(4)(f), Fla. Stat. (1998 Supp.); s.718.106(2), Fla. Stat., and s. 718.107(3), Fla. Stat.; DaytonaDevelopment Corporation v. Bergquist, 308 So.2d 548, 550 (Fla. 2d DCA 1975) (the shares in the common elements appurtenant to units shall remain undivided and not subject to action for partition);Tower House Condominium, Inc. v. Millman, 410 So.2d 926 (Fla. 3d DCA 1981); and letter from Department of Revenue, supra, n. 1.
[13] Section 718.104(4), Fla. Stat. (1998 Supp.).
[14] See, s. 718.103 (9) and (10), Fla. Stat. (1998 Supp.).
[15] Cf., s. 718.115, Fla. Stat. (1998 Supp.), relating to common expenses and common surplus.
[16] See, Op. Att'y Gen. Fla. 64-20 (1964) (a condominium, and the condominium parcels or interest therein, are subject to ad valorem taxation, not on a condominium building as a whole, but upon the condominium parcels or interest therein, as separate ownerships and property, such interest being subject to taxation as in other real property and on the same basis). Cf.,Manufacturers National Corporation v. Blake, 287 So.2d 129 (Fla. 3d DCA 1973), cert. den. 294 So.2d 91 (Fla. 1974) (even though individual condominium parcels in building were not substantially completed, common elements of building such as parking area and ramp, dock and pier area, pool, elevators, roof structure, plumbing system and air conditioning system which could be used for purpose for which each was constructed as of taxing date were properly assessed).
[17] 341 So.2d 756, 758 (Fla. 1976).