GREEN, Judge.
The St. Petersburg Kennel Club (the Kennel Club) timely appeals the final order of the Department of Business and Professional Regulation, Division of PariMutuel Wagering (Division) denying approval of three card games that the Kennel Club sought to play at its licensed card-room facility. We affirm.
The Kennel Club contends that the Division’s final order on remand merely adopts identical findings and conclusions of law which were considered and rejected by this court in the case of Si Petersburg Kennel Club v. Department of Business & Professional Regulation, Division of Pari-Mutuel Wagering, 719 So.2d 1210 (Fla. 2d DCA 1998), and is barred by the law of the case doctrine. We disagree.
The previous order on appeal was founded on Florida Administration Code Rule 61d-11.026, which we held to be an invalid exercise of delegated legislative authority. We further reversed the order denying approval of the card games because it was based on an invalid rule.
*1241 Florida Administrative Code Rule 61d-11.002(2)(a) provides:
(2)(a) All card games in Hoyle's Modern Encyclopedia of Card Games, by Walter B. Gibson, published by Doubleday and Company, Inc., April 1974 1st Edition hereinafter (Hoyle’s) incorporated herein by reference, that are authorized by and played in a manner consistent with Section 849.085(2)(a) and Section 849.086, Florida Statutes, and the rules promulgated thereunder, shall be approved by the division. All other card games shall be approved by the division if the type of card games and the rules of the card games, as specified in BPR Form 16-001, meet the requirements of Section 849.085(2)(a) and Section 849.086, Florida Statutes, and the rules promulgated thereunder.
We hold that the conformity of games specified under section 849.085(2)(a), Florida Statutes (Supp.1996), can be determined in a contested proceeding without consideration of the disavowed rule. See Two M. Dev. Corp. v. Mikos, 578 So.2d 829 (Fla. 2d DCA 1991) (holding doctrine of the law of the case applies to issues that were actually considered and decided on former appeal involving same action). A review of the entire record in this appeal supports the conclusion that the administrative law judge and the Division had before it sufficient, competent evidence upon which to make a decision. Therefore, the Division’s final order is affirmed.
NORTHCUTT, A.C.J., and DAVIS, J., Concur.