PLEUS, R., Senior Judge.
This appeal raises the issue of whether the Marketable Record Title Act (MRTA) extinguishes restrictions by a named homeowners’ association. We agree with the trial court, which properly determined MRTA did not extinguish the restrictive covenants.
The restrictive covenants for the Silver Lakes Acres subdivision were recorded on November 4, 1968. Amendment One was recorded on April 7, 1982. Amendment One adopted the original restrictive covenants and provided for an annual maintenance assessment that obligated each property owner to pay $12.00 per year (later raised to $50.00 per year) to maintain the streets, street lights, beaches, marinas, and other purposes authorized by the Silver Lakes Acres Property Owners’ Association, Inc. (Association).
The Barneys and others who owned property within the Silver Lake Acres subdivision sought declaratory relief asserting that Amendment One has been extinguished by MRTA which provides that a person having the legal capacity to own land in the state, who, alone or with his or her predecessor in title, has been vested with any estate in land of record for thirty years or more, has a marketable record title to such estate except as to certain exceptions to marketability set forth in the statute. § 712.02, Fla. Stat. (2014). Accordingly, the Act extinguishes “all estates, interests, claims, or charges, the existence of which depends upon any act, title transaction, event, or omission that occurred before the effective date of the root of title” unless such estates, interests, claims, or charges fall within one or more statutory exceptions. § 712.02, Fla. Stat. (2014). The Association, on the other hand, asserts Amendment One falls within the statutory exception found in section 712.03(1), Florida Statutes (2014). The exception found in section 712.03, Florida Statutes (2014), provides in relevant part:
Such marketable record title shall not affect or extinguish the following rights:
(1) Estates or interests, easements and use restrictions disclosed by and defects inherent in the muniments of title on which said estate is based beginning with the root of title; provided, however, that a general reference in any of such muniments to easements, use restrictions or other interests created prior to the root of title shall not be sufficient to preserve them unless specific identification by reference to book and page of record or by name of recorded plat be made therein to a recorded title transaction which imposed, transferred or continued such easement, use restrictions or other interests;....
We agree that the respective deeds fall within the first part of section 712.03, Florida Statutes (2014). Appellants, on the other hand, discount the first part of section 712.03(1), asserting the language set forth in their respective deeds are mere “general references” insufficient to save, it appears, any restrictive covenant of Silver Lakes Acres from being extinguished by MRTA.
We find the Association makes the more persuasive argument given that the trial court’s findings as to MRTA and its application to Appellants’ deeds are supported by the plain language of both MRTA and the deeds in question. Specifically, a deed in the chain of title for Lots 12C, 17G, *183 23H, 24H and 26H specifically provided the lot was being conveyed:
SUBJECT TO Restrictive Covenants, reservations and easements of record applicable to Silver Lake Acres.
AND SUBJECT ALSO TO the obligations of the owners of each lot at Silver Lakes Acres to the Silver Lakes Acres Property Owners Association, their successors and assigns, which obligations Grantee assumes and agrees to pay.
Similarly, a deed in the chain of title for Lot S4H provided the lot was being conveyed:
SUBJECT TO restrictive covenants and amendments thereto of record affecting the property;
AND SUBJECT ALSO TO easements of record affecting said property;
AND SUBJECT ALSO TO the obligations of the owners of each lot of Silver Lakes Acres s/d to the Silver Lakes Acres Property Owners Association, their successors and assigns, which said obligations Grantee assumes and agrees to pay.
We agree with the trial court and the Association’s expert witness that the above language does not constitute a “general reference” to the restrictive covenants of Silver Lakes Acres. Rather, the language of the deeds for lots 26H, 34H, 12C, 17G, 23H and 24H is a specific ratification and assumption of the obligations of the Association; and, therefore, is more than a “general reference.” This finding is in line with the core concern of MRTA that “no hidden interest in property [would be able to be] asserted without limitation against a record property owner.” H & F Land, Inc. v. Panama City-Bay Cnty. Airport and Indus. Dist, 736 So.2d 1167, 1171 (Fla.1999). We find that based on the plain language set forth in the deeds in question, there is nothing hidden with respect to the restrictive covenants of Silver Lakes Acres. Indeed, the deeds specifically reference the “obligation of the owners of each lot at Silver Lakes Acres to the Silver Lakes Acres Property Owners Association, their successors and assigns, which obligations Grantee assumes and agrees to pay.” Appellants simply cannot claim something was hidden in the chain of title to their respective lot. Accordingly, we affirm as to Lots 12C, 17G, 23H, 24H, 26H and 34H.
As to Lot 4H, for which a muniment of title contains an OR book and page number, Appellants argue that there is a deficiency in the restrictive covenants themselves that rendered them unenforceable regardless of whether MRTA extinguished them. Specifically, citing to Balzer v. Indian Lake Maintenance, Inc., 346 So.2d 146 (Fla. 2d DCA 1977), Honthorn v. Tri Par Land Development Corp., 221 So.2d 465 (Fla. 2d DCA 1969), and Collins v. Pic-Town Water Works, Inc., 166 So.2d 760 (Fla. 2d DCA 1964), Appellants assert “an obligation in a deed to pay an association, without a termination date, is perpetual and void.” A simple reading of the restrictive covenants shows Appellants’ assertion is not accurate. Specifically, paragraph 21 of the restrictive covenants for Silver Lakes Acres provides: “These covenants shall run with the land and shall be binding upon all parties until January 1, 1988, after which the said covenants shall be automatically extended for successive periods of ten (10) years each unless by vote of the majority of the owners of the lots, it is agreed to change said covenants in whole or in part.” Cf. Balzer, 346 So.2d at 150 (holding that where covenant contained in each deed and contract to purchase lot in development provided that purchaser covenanted to pay developer and its successors $20 each year for general maintenance, that covenant remained in *184 force until stated date and that it should be automatically renewed for each ten-year period thereafter, unless owners of at least two-thirds of lots agreed in writing to change or abrogate it, covenant was not invalid on theory that it imposed perpetual obligation incapable of abrogation). Accordingly, we also affirm as to Lot 4H.
AFFIRMED.
TORPY, C.J., and SWANSON, R., Associate Judge, concur.